# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALICIA A.,[1]<br><br>      Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Case No. 3:21-cv-00087-TMB |

## ORDER RE ATTORNEY FEES
## PURSUANT TO 42 U.S.C. § 406(b)(1)

Alicia A. ("Plaintiff"), by her attorney, Kevin Kerr ("Counsel"), moves the Court for authorization of attorney fees pursuant to 42 U.S. §406(b) in the amount of $15,607.25, for representation of Plaintiff before this Court. Counsel filed his motion for § 406(b) attorney fees with the Court on August 19, 2022.[2] Defendant Kilolo Kijakazi (the "Commissioner") has not responded in a timely manner to Plaintiff's motion.[3]

---

[1] Plaintiff's name is partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Docket 26.

[3] Plaintiff asserts that the "parties have conferred regarding this § 406(b) fee matter" and that the Commissioner has "given substantive consideration to the merits of Plaintiff's request for 406(b) fees, as set forth above, to be paid out of the claimant's past-due benefits," but the Commissioner

## I. BACKGROUND

On or about April 30, 2019, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.[4] On April 30, 2020, the ALJ issued an unfavorable ruling and on September 8, 2020, the Appeals Council denied review.[5] After the Appeals Council granted Plaintiff additional time to file a civil action,[6] Plaintiff appealed the Commissioner's final decision to this Court.[7] Pursuant to the terms of her contingent fee agreement, Plaintiff agreed to pay Counsel 25 percent of past-due benefits in the event her social security appeal was successful.[8] On April 29, 2022, this Court remanded Plaintiff's case for the immediate payment of benefits.[9] On July 2, 2022, the Social Security Administration issued a Notice of Award and withheld 25 percent of Plaintiff's past-due benefits, in the amount $15,607.25.[10] On August 9, 2022, the Court granted Plaintiff's motion for attorney

---

would "make the Commissioner's position known by separate filing." Docket 26 at 1.

[4] A.R. 184, 186.

[5] A.R. 8–12, 36–44.

[6] A.R. 1.

[7] Docket 1.

[8] Docket 26-1.

[9] Docket 21 (Order). Judgment was entered on June 1, 2022. Docket 22.

[10] Docket 26-2 at 1–6.

fees pursuant to the Equal Access to Justice Act ("EAJA"),[11] subject to offset pursuant to the Treasury Offset Program as set forth in *Astrue v. Ratliff*,[12] in the amount of $2,514.26.[13]

## II. ANALYSIS

Under 42 U.S.C. § 406(b), the Court may award a claimant's attorney for a reasonable fee not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled for that attorney's representation before the Court.[14] The attorney fee award under § 406(b) is not paid by the losing party, instead, it is paid by the claimant out of the past-due benefits award. The claimant's attorney bears the burden of demonstrating the requested fee is reasonable.[15] Additionally, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."[16]

---

[11] 28 U.S.C. § 2412.

[12] 560 U.S. 586.

[13] Docket 25.

[14] 42 U.S.C. § 406(b)(1)(A).

[15] *Gisbrecht v. Barnhart,* 535 U.S. 798, 802, 808 (2002).

[16] *Gisbrecht,* 535 U.S. at 796 (internal quotations and citations omitted).

*Gisbrecht v. Barnhart* provided a framework to district courts for evaluating contingent fee requests under § 406(b). First, the Court looks to the terms of the contingent-fee agreement, checking to see if it is consistent with the fee request and within the statutory maximum of 25 percent of past-due benefits. The Court then tests for reasonableness "based on the character of the representation and the results the representative achieved."[17] The Court will reduce the attorney's fee for substandard representation, delay of the case, or if the requested fee would "result in a windfall."[18]

Here, Counsel met his burden of demonstrating his requested § 406(b) fees are reasonable. Pursuant to the contingent fee agreement with Counsel, Plaintiff agreed to pay 25 percent of her past-due benefits for Counsel's successful representation of Plaintiff's case before this Court.[19] Moreover, Counsel's request for $15,607.25 is 25 percent of Plaintiff's past-due benefits[20] and reflects the amount withheld by the Social Security Administration for the purpose of paying attorney's fees.[21]

---

[17] *Id.* at 808.

[18] *Crawford v. Astrue,* 586 F.3d 1142, 1148, 1151 (9th Cir. 2009), citing *Gisbrecht* 535 U.S. at 808.

[19] Docket 26-1.

[20] Plaintiff's total past-due benefits subject to award under 42 U.S.C. § 406(b) amounts to $62,429.00. Docket 26-2 at 3.

[21] Docket 26-2 at 3. The Court notes that there is no evidence in the record of "fraud or overreaching." *See Crawford,* 586 F.3d at 1152.

Next, the Court finds no reduction in fees is necessary. Counsel successfully represented Plaintiff before this Court, resulting in Plaintiff receiving past-due benefits.[22] There is no evidence that Counsel caused excessive delay.[23] Moreover, Counsel's hours spent in this case are not unreasonable.[24] Counsel submitted time records in support of his 11.50 total attorney hours.[25] The parties stipulated to the EAJA award in this case, based on the same 11.50 attorney hours expended by Counsel, and the Court awarded the EAJA fees.[26] Finally, the requested fee does not constitute a windfall. Given the risk undertaken by Counsel and lengthy administrative and court process involved,[27] Counsel's hourly rate of $1,357.15 is reasonable in this case.[28]

---

[22] *See* Dockets 21, 22, 25.

[23] Counsel filed pleadings in a timely manner and did not request any extensions. *See* Civil Docket for 3:21-cv-00087-TMB.

[24] *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012) (The amount of time an attorney reasonably spends on a specific case "will always depend on case-specific factors including . . . the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained").

[25] Docket 26-3.

[26] Dockets 23, 25.

[27] *Crawford,* 586 F.3d at 1152 ("The attorneys assumed significant risk in accepting [the three consolidated appeals at issue], including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases").

[28] *See* Docket 26.

## III. ORDER

For the foregoing reasons, Counsel's motion for § 406(b) attorney's fee is granted. IT IS HEREBY ORDERED that the Court authorizes an attorney's fee pursuant to 42 U.S.C. § 406(b) in the amount of Fifteen Thousand Six Hundred Seven and 25/100 Dollars ($15,607.25). The Social Security Administration is directed to send Counsel the net balance of $15,607.25, minus any applicable processing fees allowable by statute. Upon receipt of payment of the § 406(b) fees, Counsel shall refund Plaintiff the EAJA fee in the amount of Two Thousand Five Hundred Fourteen and 26/100 Dollars ($2,514.26). If the EAJA award is subject to offset pursuant to the Treasury Offset Program, as discussed in *Astrue v. Ratliff*,[29] Counsel shall refund the remaining balance to Plaintiff.

DATED this 28th day of September, 2022.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[29] 560 U.S. 586 (2010).